IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. TENORE,  )<br>         Petitioner,  )<br>     vs.  )<br>ROSANNE CAMPTBELL, Warden,  )<br>         Respondent.  )<br>_____ ) | No. C 06-3992 CRB (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at Mule Creek State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner was convicted of four counts of aggravated sexual assault on a child under the age of 14, one count of lewd act on a child, two counts of use of a minor in material involving sexual content, and one count of attempted destruction of evidence, following a court trial in the Superior Court of the State of California in and for the County of Santa Clara.  On August 9, 2002, he was sentenced to a determinate prison term of eight years plus a consecutive term of 15 years to life.

On January 29, 2004, the California Court of Appeal affirmed the judgment of the trial court and, on April 14, 2004, the Supreme Court of California denied review.

Petitioner the began seeking collateral relief from the state courts. On June 14, 2006, the Supreme Court of California denied his final petition for state habeas relief. The instant federal habeas petition promptly followed.

**DISCUSSION**

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including that he was denied his constitutional right to confrontation and cross-examination, and that he received ineffective assistance of counsel. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the

1  Attorney General of the State of California.  The clerk also shall serve a copy of
2  this order on petitioner.
3        2.     Respondent shall file with the court and serve on petitioner, within
4  60 days of the issuance of this order, an answer conforming in all respects to Rule
5  5 of the Rules Governing Section 2254 Cases, showing cause why a writ of
6  habeas corpus should not be granted.  Respondent shall file with the answer and
7  serve on petitioner a copy of all portions of the state trial record that have been
8  transcribed previously and that are relevant to a determination of the issues
9  presented by the petition.
10       If petitioner wishes to respond to the answer, he shall do so by filing a
11  traverse with the court and serving it on respondent within 30 days of his receipt
12  of the answer.
13        3.     Respondent may file a motion to dismiss on procedural grounds in
14  lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the
15  Rules Governing Section 2254 Cases.  If respondent files such a motion,
16  petitioner shall file with the court and serve on respondent an opposition or
17  statement of non-opposition within 30 days of receipt of the motion, and
18  respondent shall file with the court and serve on petitioner a reply within 15 days
19  of receipt of any opposition.
20        4.     Petitioner is reminded that all communications with the court must
21  be served on respondent by mailing a true copy of the document to respondent's
22  counsel.  Petitioner must also keep the court and all parties informed of any
23  change of address.
24  SO ORDERED.
25  DATED:  Nov. 15, 2006
26                                     CHARLES R. BREYER
                                   United States District Judge
27
28                                  3