**FILED**

**NOT FOR PUBLICATION**

JUN 04 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL TENORE<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>ROSANNE CAMPBELL, WARDEN OF MULE CREEK STATE PRISON<br><br>    Respondent - Appellee. | No. 09-15427<br><br>D.C. No. 3:06-cv-03992-CRB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted April 12, 2010
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and MOODY, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James Maxwell Moody, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

Michael Tenore, a California state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction by bench trial for forcible rape, aggravated sexual assault on a child and other crimes. We have jurisdiction pursuant to 28 U.S.C. §2253. We review *de novo* the district court's denial of a habeas petition. *Gill v. Ayers*, 342 F.3d 911, 917 (9th Cir. 2003).

Tenore argues that he did not voluntarily waive his right to a jury trial, that he was denied his right to confront his accusers, that he had ineffective assistance of counsel, and that the cumulative impact of the errors denied him due process of law. He also claims that the district court erred when it denied him an evidentiary hearing on his habeas claims.

The California Court of Appeal (on direct appeal) and the California Superior Court (on habeas review) found that Tenore knowingly and voluntarily waived his right to a jury trial, *see Singer v. United States*, 380 U.S. 24, 34 (1965), and he and his counsel waived his right to confront and cross examine the witnesses against him, *see Wilson v. Gray,* 345 F.2d 282, 286 (9th Cir. 1965). The record demonstrates that Tenore was fully aware of the scope of his rights to a jury trial and to confront and cross examine witnesses. Tenore waived these rights voluntarily as a matter of strategy. The state courts' decisions were not "contrary

2

to, or involve[] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor were they "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Tenore failed to show that his counsel's actions were outside the range of professionally competent assistance or that his counsel's alleged deficient performance caused prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state court's decision rejecting Tenore's ineffective assistance of counsel claim, therefore, was not "contrary to, or ... an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Tenore claims that the cumulative impact of the errors denied him his right to due process of law. The evidence of Tenore's guilt is overwhelming; thus, the alleged errors were harmless. *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007).

Because Tenore failed to raise a colorable claim for relief, we reject Tenore's contention that an evidentiary hearing was required with regard to this matter. *See Earp v. Ornoski*, 431 F. 3d 1158, 1167 (9th Cir. 2005).

AFFIRMED.